Mr. Justice Thachek
delivered the opinion of the court.
This was an action upon a promissory note of the following tenor, to wit: “ On or before the 15th day of May, 1889, we promise to pay Jordan Elder, one thousand dollars, in the notes of the banks of the state of Mississippi at par, at the office of Charles Hill, in Raymond, for value received. Witness our hands the 1st day of October, 1838. Lewis Smith, Charles Hill.” Upon the back of the note were the following indorse-ments, to wit: “Chartered banks are meant within. C. Hill;” a credit for the payment of §299 on the 13th May, 1839 ; and an assignment of the balance due upon the note, to the usee in the action, Edward Francis. There was a plea of tender in the notes of the chartered banks of the state, to which plea a demurrer was filed, upon the ground that the plea did not set out that the notes tendered were “at par.” The record shows that the defendant plead again under a judgment of respondeat ouster. This statement shows sufficiently that the demurrer was sustained. If a record show a fact without ambiguity, express and particular statements of it need not be required. The plea of the defendant below, filed by virtue of the judgment of respondeat ouster, was similar to the original plea to which a demurrer was in point of fact sustained, and to this plea a similar demurrer was filed, upon which no judgment seems to have been pronounced, but the parties went to trial upon the issues already made up. Under the circumstances, this court may presume that the parties waived this demurrer. 7 Yerg. 452. Upon the trial, the nominal plaintiff was permitted to testify, although objected to by the plaintiff’s counsel. His testimony told against himself, and if he did not object to testify, he was a competent witness. Duncan v. Watson Adm'r. 2 S. & M. 136. His testimony however, went to prove what was intended by the makers of the note in regard to the kind of funds jn which the note was payable, but as there seems to *512 be no latent ambiguity in the note in this-respect, the evidence should have been ruled out. The note is payable “ in the notes of the chartered banks of Mississippi at par.” This can only mean that those notes were to be taken as at par, that is, without discount or premium. With this view of the meaning of the language of the note, the plea in the action to which the first demurrer was sustained was a good and sufficient plea, and it was unnecessary to allege more in the plea, than to set out a tender of chartered bank bills of this state.
Judgment reversed, the demurrer directed to be overruled, and further proceedings to be had.